CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/12/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| GABRIEL KHALIL HUSSEIN DEEN, | ) ) ) |
| Plaintiff, | ) Case No. 5:16-cv-79 ) |
| v. | ) ) |
| SHENANDOAH COUNTY PUBLIC SCHOOLS, et al., | ) ) ) |
| | ) By: Michael F. Urbanski |
| Defendants. | ) Chief United States District Judge |

## MEMORANDUM OPINION

This case was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a recommended disposition of defendants' motion to dismiss. ECF No. 8. The Magistrate Judge filed a report and recommendation ("R&R") on June 9, 2017, recommending that plaintiff Gabriel Khalil Hussein Deen's complaint be dismissed in its entirety. ECF No. 32. Deen filed a response objecting to the R&R, ECF No. 34, and defendants filed a reply to Deen's response, ECF No. 35.

I.

Deen's complaint asserts various claims of discrimination that allegedly occurred during his employment as a substitute teacher in the Shenandoah County school system. Deen claims that the Shenandoah County School Board ("Shenandoah")[1] and Dr. Mark A.

---

[1] Deen names "Shenandoah County Public Schools" as a defendant in his complaint. However, defendants note in their Notice of Removal and elsewhere that Shenandoah County School Board is the proper defendant. ECF No. 1, at 1. Defendants have not argued that Deen sued the wrong party, and therefore, the court will proceed as if the School Board were named in the complaint.

Johnston, Superintendent of Shenandoah County Public Schools, discriminated against him on the basis of race, national origin, religion, gender, and age throughout his employment as a substitute teacher. Deen asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Deen objects to the Magistrate Judge's recommendations regarding his Title VII disparate treatment, hostile work environment, and retaliation claims against Shenandoah. He makes no objections to the Magistrate Judge's conclusions concerning the ADEA and Due Process claims. Nor does Deen object to the Magistrate Judge's recommendation that all claims against Johnston be dismissed. (Indeed, Title VII and the ADEA do not provide for individual liability.) The court has carefully reviewed the portions of the R&R to which Deen raises no objection and concurs with the Magistrate Judge's recommendations. For the reasons set forth below, the court will overrule Deen's objections regarding his Title VII claims, adopt the R&R in its entirety, and dismiss Deen's complaint.

## II.

The background to this case is set forth in the R&R and does not require lengthy recitation here. In short, Deen believes that a handful of incidents during his employment as a substitute teacher amount to impermissible discrimination or retaliation. For example, Deen alleges that a school employee subjected him to increased security screening when he

attempted to enter Ashby Lee Elementary School ("Ashby Lee") on one or two occasions.[2] According to Deen, white female substitute teachers were not required to undergo those security measures and the added oversight he endured was the result of his race and Muslim-sounding name. Furthermore, Deen alleges that he labored in a hostile work environment as a result of students lodging racial epithets and discriminatory comments at him. Deen claims that defendants are liable for the harm caused by those comments because he reported them to school administrators who did nothing to punish the offending students' conduct or prevent it from happening in the future. And lastly, Deen claims that he was no longer asked to work as a substitute teacher because of negative feedback he provided to administrators regarding various aspects of other teachers' performance. This feedback, Deen asserts, amounted to protected activity as required to prove his Title VII retaliation claim.

The court will address Deen's objections to the R&R as they relate to each of his claims under Title VII.

### a. Title VII Disparate Treatment

To prove a prima facie case for Title VII disparate treatment, Deen must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of Appeals of Maryland, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d

---

[2] In the proceedings before the Magistrate Judge, Deen alleged that he faced relatively harsh security measures at Ashby Lee only once. In his response to the R&R, Deen alleges that "by reason of his memory [he] left out information that he was screened the second time at Ashby." As noted below, whether the screenings occurred once or twice is immaterial to the analysis in the Magistrate Judge's report.

3

296 (2012). Although the prima facie case "is an evidentiary standard, not a pleading requirement," Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002), Deen must plead sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Woods v. City of Greensboro, 855 F.3d 639, 647 (4th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In other words, Deen must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Deen has failed to state a plausible disparate treatment claim under Title VII because he has not pled facts indicating that his job performance was satisfactory and he has not alleged that Shenandoah treated similarly situated employees outside his protected classes differently. In his filings in opposition to the motion to dismiss, Deen attached various documents including lesson plans from other teachers that he considers inadequate, see ECF Nos. 21-3, 21-6, 21-10, 21-12, a feedback form he created to allow teachers to "make/implement changes/improvement," ECF No. 21-13, and five letters between Deen and Johnston, ECF Nos. 21-1, 21-9, 21-15, 21-16, 21-18.[3] The letters from Johnston to Deen indicate that Deen cannot plausibly establish the second prong of a disparate treatment claim, i.e., satisfactory job performance.

On March 13, 2014, Johnston informed Deen of "concerns from two administrators regarding [Deen's] performance while substituting in their schools. The specific concerns

---

[3] The court may consider these documents in deciding the motion to dismiss. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). In fact, the court may "credit[] the document[s] over conflicting allegations in the complaint" at this procedural stage. Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 167 (4th Cir. 2016).

4

were failure to follow lesson plans, poor classroom management, and lack of professionalism in communicating with students and staff." ECF No. 21-1, at 2. Johnston wrote that "Ashby Lee Elementary School and Sandy Hook Elementary School have requested that you be excluded from substituting in their buildings. Any further concerns from other schools will result in you being removed from the substitute teacher pool in Shenandoah County Public Schools." Id.[4] Over a year later, Johnston again wrote Deen: "As has been discussed with you, … there have been numerous documented complaints regarding your abilities to effectively serve as a substitute teacher." ECF No. 21-18, at 2 (May 27, 2015). Deen has not taught as a substitute teacher in Shenandoah since May 2015, which he cites as an adverse employment action.

In light of the letters expressing consistent complaints about Deen's "abilities to effectively serve as a substitute teacher," ECF No. 21-18, at 2, Deen has not pled facts that could plausibly establish his satisfactory job performance. Moreover, Deen has not pled facts indicating that he was treated differently than "similarly situated employees outside the protected class." Coleman, 626 F.3d at 190. Nowhere has Deen identified the manner in which Shenandoah treated other substitute teachers who struggled with the responsibilities of the job. The Magistrate Judge correctly determined that Deen has failed to plead facts that would allow the court to draw the inference that Shenandoah is liable for disparate treatment under Title VII. See Woods, 855 F.3d at 647.

---

[4] Deen replied to Johnston's March 13, 2014 letter, raising his concern "that walking into these schools as a black man I'd be on the radar for the smallest infraction that would be magnified in order to find any fault with me." ECF No. 21-9, at 2 (May 18, 2014). Deen's conclusory attribution of racial animus is an insufficient basis on which to support a claim of discrimination under Title VII. See Iqbal, 556 U.S. at 678.

5

Deen's objections to the foregoing conclusions must be overruled. Deen first objects to the Magistrate Judge's conclusion as to satisfactory job performance because his educational qualifications far exceed the minimum required to work as a substitute teacher. Indeed, Deen has a bachelor's and a master's degree and Shenandoah requires only a high school degree or its equivalent in order to serve as a substitute teacher. See ECF Nos. 21-19, at 3-4, 21-7. However, the Magistrate Judge properly rejected Deen's arguments regarding his qualifications. The second element of a disparate treatment claim requires satisfactory job performance, not satisfactory educational qualifications. See Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 514–15 (4th Cir. 2006) (Disparate treatment claims require plaintiff "to demonstrate that he was 'qualified' in the sense that he was doing his job well enough to rule out the possibility that he was fired for inadequate job performance, absolute or relative."). As the Magistrate Judge noted, the letters from Johnston to Deen, which Deen provided to the court, plainly indicate that his job performance was not up to par to prove a disparate treatment claim. See ECF Nos. 21-1, 21-18.

Deen also argues that Johnston's letters to Deen indicate that Shenandoah discriminated against Deen based on his membership in a protected class. However, Johnston's letters include no evidence whatsoever of discriminatory treatment. Rather, the letters state legitimate concerns regarding Deen's "failure to follow lesson plans, poor classroom management, and lack of professionalism in communication with students and staff." ECF No. 21-1, at 2; c.f. ECF No. 21-18, at 2 ("[T]here have been numerous documented complaints regarding your abilities to effectively serve as a substitute teacher."). Contrary to Deen's assertions, these letters only undermine his disparate treatment claim.

Lastly, Deen objects to the Magistrate Judge's conclusion that the security screening at Ashby Lee did not qualify as an adverse employment action.[5] One or two security screenings do not "adversely affect[] 'the terms, conditions, or benefits' of the plaintiff's employment." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004). The Magistrate Judge correctly determined that none of Deen's assertions regarding the security screenings, Johnston's letters, or his educational qualifications provide a plausible basis to support claims under Title VII.

### b. Title VII Hostile Work Environment

Deen claims that students at various schools directed discriminatory remarks at him and that administrators failed to take action to prevent future harassment from the offending students. Deen claims these allegations give rise to a hostile work environment claim under Title VII. To prove such a claim, Deen must show: "(1) unwelcome conduct; (2) that is based on the plaintiff's [protected class]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015).

Deen alleges that in December 2014, a student at Central High School ("Central") called him a "n****r" and threatened to "kick his a**." See ECF No. 21-2, at 1. Deen informed the assistant principal, who declined to punish the student or take corrective

---

[5] On March 25, Deen sent a letter to Johnston, this time complaining about the security screening Deen was subjected to at Ashby Lee. ECF No. 21-15, at 2. Deen believed the school employee responsible for checking in substitute teachers violated his civil rights by running his "driver's license ... through the LobbyGuard Machine." Id.

7

action. Id. At an April 6, 2016 hearing before the Magistrate Judge, Deen also claimed that students at Signal Knob Middle School ("Signal Knob") taunted Deen with racially charged questions such as whether he liked fried chicken, watermelon, and greens, and whether he had Ebola.[6] Deen argues that these incidents created a hostile work environment for which Shenandoah should be liable.

The Magistrate Judge carefully reviewed the case law governing student-on-teacher discrimination in the context of hostile work environment claims and aptly noted that Deen presents "an uncommon factual scenario for an employment discrimination claim." R&R, ECF No. 32, at 15. Nevertheless, given persuasive authority and analogous guidance from the Fourth Circuit, the Magistrate Judge determined that in some circumstances student-on-teacher discrimination can give rise to a Title VII hostile work environment claim. See Peries v. N.Y. City Bd. Of Educ., No. 97 CV 7109, 2001 WL 1328921 (E.D.N.Y. Aug. 6, 2001) (recognizing validity of student-on-teacher harassment under Title VII); Freeman v. Dal-Tile Corp., 750 F.3d 413, 423 (4th Cir. 2014) (approving a third party harassment Title VII claim where a contractor harassed an employee-plaintiff suing her employer). The Magistrate Judge ultimately concluded that although the students' comments directed at Deen were plainly deplorable, the incidents were not "sufficiently severe or pervasive to alter the plaintiff's

---

[6] In his objections to the R&R, Deen claims that "three other incidents occurred at Strasburg High school [sic]" ("Strasburg") supporting a hostile work environment claim. ECF No. 34, at 3. Deen only details one of the Strasburg incidents, asserting that the principal "barged into Plaintiff's class room to allegedly investigate a disruptive incident when indeed the incident occurred in another classroom, the Principal rudely and falsely accused the Plaintiff for an incident that did not happen and did not apologize to Plaintiff." Id. Deen presents no evidence that the Strasburg principal "barged" into Deen's classroom because of Deen's race or other protected status. Moreover, Deen does not specify the facts regarding the other two "incidents" at Strasburg, and therefore, those incidents do not support a plausible hostile work environment claim.

8

conditions of employment and to create an abusive work environment." Boyer-Liberto, 786 F.3d at 277.

Deen objects, arguing the abuse he suffered was indeed sufficiently severe and pervasive to allow him to proceed past a motion to dismiss. The case most beneficial to Deen on this score is Peries, 2001 WL 1328921. However, Peries is readily distinguished from the circumstances here. In Peries, students subjected a teacher to "ongoing name-calling, mimicking, and other abuse" based on his race, religion, and national origin. The teacher brought a hostile work environment claim against the school board and alleged that the abuse continued "virtually unabated" over a five-year period and that school administrators did nothing to intervene. On these facts, the district court denied summary judgment, holding that a question of fact existed as to whether the teacher suffered a severe and pervasive hostile work environment. Peries, 2001 WL 1328921, at * 6.

In this case, Deen identifies two incidents in which students berated him on the basis of race. Unlike Peries, the isolated incidents of harassment targeting Deen occurred at different schools and did not occur regularly over an extended period of time. While isolated incidents can "amount to discriminatory changes in the terms and conditions of employment," such incidents must be "extremely serious." Boyer-Liberto, 786 F.3d at 277. When assessing whether allegations of harassment are extremely serious, "the status of the harasser may be a significant factor." Id. at 278. In Boyer-Liberto, the Fourth Circuit explained why a supervisor's harassment may be more harmful than a co-worker's: "Simply put, a supervisor's power and authority invests his or her harassing conduct with a particular threatening character." Boyer-Liberto, 786 F.3d at 278. The inverse of this rationale applies

9

here: a teacher's power and authority over students strips students' harassing conduct of much of its threatening character. Cf. Morse v. Frederick, 551 U.S. 393, 413 (2007) (Thomas, J., concurring) ("Through the legal doctrine of in loco parentis, courts upheld the right of schools to discipline students, to enforce rules, and to maintain order.").

The isolated nature of the incidents, together with Deen's authority over the harassers, indicates that the students' comments at Central and Signal Knob are not sufficiently severe or pervasive to plausibly support a hostile work environment claim under Title VII.[7] The court will overrule Deen's objections and adopt the Magistrate Judge's recommendation that the hostile work environment claim be dismissed.

### c. Title VII Retaliation

To prove a Title VII retaliation claim, Deen must show: (1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that there was a causal link between the two events. Boyer-Liberto, 786 F.3d at 281. The Magistrate Judge concluded that Deen failed to allege he engaged in a protected activity. Deen responds by arguing he engaged in protected activity by creating feedback forms in which he assessed various aspects of other teacher's performance and sharing those forms with Shenandoah administrators. However, Deen's feedback of other teacher's performance did not involve asserting his rights under Title VII or informing Shenandoah of instances of discrimination. See, e.g., ECF No. 16-6, at 2 ("I was however very concerned that [the art teacher] did not smile to the children, raising her voice at them for not using the wrong [sic]

---

[7] Given the court's agreement with the Magistrate Judge that Deen fails on the severe and pervasive element of his hostile work environment claim, the court need not address Deen's objections as to whether the students' conduct can be imputed to Shenandoah.

amount of coloring inks."); ECF No. 21-13, at 2 (template of Deen's self-created feedback form). Indeed, in his response to the R&R, Deen claims that he engaged in protected activity "by writing-up teachers whose lesson plans were inadequate or whose students were unruly and out of control." ECF No. 34, at 3. As relevant here, protected activity requires an employee "to bring attention to an employer's *discriminatory* activities." Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998) (emphasis added). Deen's feedback forms complained of other teacher's job performance and not discriminatory activities. Therefore, the Magistrate Judge correctly concluded that Deen fails to allege he engaged in a protected activity as is required to prove his Title VII retaliation claim.[8]

### III.

As noted, the court has reviewed the portions of the R&R to which Deen raises no objection and finds no error. Deen's objections are overruled for the reasons stated above. The court will adopt the R&R in its entirety and grant defendants' motion to dismiss.

An appropriate Order will be entered.

Entered: 07-12-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

---

[8] Although not argued by Deen, other communications he sent to Johnston may qualify as protected activity. See, e.g., ECF No. 21-15 ("[O]n my first visit to Asby-Lee Elementary school [sic] my driver's license was ran through the LobbyGaurd Machine ... This has been very troubling to me in that I believe some of my civil rights were violated since other schools with similar devices have not put me through this procedure."). However, for largely the same reasons that Deen's disparate treatment claim fails, so must his retaliation claim: Deen's pleadings indicate that Shenandoah removed him from the substitute teacher list because of his poor performance, not in response to his assertion of rights under Title VII. In other words, Deen has not identified a plausible causal link between any complaint of discrimination and the alleged adverse employment action.

11