CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
10/27/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

GABRIEL KHALIL )
HUSSEIN DEEN, )
)
Plaintiff, ) Case No. 5:16-cv-79
)
v. )
)
SHENANDOAH COUNTY )
PUBLIC SCHOOLS, et al., )
) By: Michael F. Urbanski
Defendants. ) Chief United States District Judge

## MEMORANDUM OPINION

This matter is before the court on plaintiff Gabriel Khalil Hussein Deen's "Motion in Response to Defendant's Objections and Recommendations Not to Dismiss This Civil Action." ECF No. 38. The court construes Deen's motion as a request for the court to reconsider its July 12, 2017 order dismissing the complaint for failing to state a claim. ECF No. 37. For the reasons that follow, Deen's motion is will be denied.

I.

On December 1, 2016, Deen filed a complaint asserting various claims of discrimination that allegedly occurred during his employment as a substitute teacher in the Shenandoah County school system. Deen claimed that the Shenandoah County School Board ("Shenandoah")[1] and Dr. Mark A. Johnston, Superintendent of Shenandoah County

---

[1] Deen named "Shenandoah County Public Schools" as a defendant in his complaint. However, defendants noted in their Notice of Removal and elsewhere that Shenandoah County School Board is the proper defendant. ECF No. 1, at 1. Defendants did not argue that Deen sued the wrong party, and therefore, the court proceeds as if the School Board were named in the complaint.

Public Schools, discriminated against him on the basis of race, national origin, religion, gender, and age throughout his employment as a substitute teacher. Deen asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The court referred this case to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a recommended disposition of defendants' motion to dismiss.

On June 9, 2017, Judge Hoppe filed a report and recommendation ("R&R") on June 9, 2017, recommending that plaintiff Gabriel Khalil Hussein Deen's complaint be dismissed in its entirety. ECF No. 32. Deen filed a response objecting to the R&R, ECF No. 34, and defendants filed a reply to Deen's response, ECF No. 35. On July 12, 2017, the court adopted Judge Hoppe's recommendation in its entirety. ECF Nos. 36, 37. Fifteen days later, Deen filed the instant motion for reconsideration, asserting the same arguments he raised during prior stages of the litigation. ECF No. 38. Defendants have filed a response to the motion for reconsideration. ECF No. 40.

## II.

Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure. See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983). Nevertheless, courts have held that these motions can perform a valuable function. Above the Belt, Inc., 99 F.R.D. at 101. Such a motion would be appropriate where, for example,

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or acts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. Indeed, because of the interest in finality, courts should grant motions for reconsideration sparingly. Univ. of Va. Patent Found. v. Gen. Elec. Co., 755 F. Supp. 2d 738, 743–44 (W.D. Va. 2011) (quoting Dayoub v. Penn–Del Directory Co., 90 F. Supp. 2d 636, 637 (E.D. Pa 2000)); see Downie v. Revco Discount Drug Ctrs., No. 3:05cv00021, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006). A motion to reconsider should not be used to reiterate arguments previously made or "to ask the Court to rethink what the Court had already thought through—rightly or wrongly." Above the Belt, Inc., 99 F.R.D. at 100.

Pursuant to the Federal Rules, a party can move for a new trial or to alter or amend a judgment pursuant to Rule 59, or move for relief from a judgment or order pursuant to Rule 60. A party making a motion under Rule 59 must file the motion no later "than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). The Fourth Circuit has held that courts should construe a post judgment motion for reconsideration filed within the Rule 59 deadline as a motion to alter or amend a judgment pursuant to Rule 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."² ); see also MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting CODESCO

---

² Post-CODESCO, Rule 59(e) was amended to allow twenty-eight days to file such a motion.

3

continues to apply notwithstanding the amendment of Federal Rule of Appellate Procedure 4). A motion that is filed later is construed as a Rule 60(b) motion for relief from judgment or order. In re Burnley, 988 F.2d 1, 2–3 (4th Cir. 1992); Ambling Mgmt. Co., 2010 WL 457508, at *1 n.3.

Here, Deen filed his motion for reconsideration fifteen days after the court dismissed his complaint. Thus, the court will construe his motion as a motion to alter or amend under Rule 59(e).

### III.

Although Rule 59(e) does not set forth the standard under which a district court may amend an earlier judgment, the Fourth Circuit has outlined three reasons for doing so: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The purpose of a Rule 59(e) motion is not to give "an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Deen does not specify which basis for amending the court's earlier judgment applies in this case. Because he cites no changes to the law and presents no evidence that post-dates the dismissal order, the court will assume Deen seeks reconsideration based on "a clear error

4

of law or [] manifest injustice." Hutchinson, 994 F.2d at 1081. Deen cannot satisfy this burden. Each of the arguments raised in Deen's instant motion was thoroughly addressed by Judge Hoppe in a twenty-four page R&R and again by the court in adopting the R&R. Deen cites no case law that conflicts with the final decision in this case. Nor has Deen established that dismissing this case amounted to manifest injustice. While the court understands that Deen is "emotionally invested in this civil action," ECF No. 38, at 1, the court cannot provide a remedy where a complaint fails to state a violation of law.

## IV.

Having carefully reviewed Deen's motion for reconsideration, the defendant's response to that motion, and the magistrate's report and recommendation, the court concludes that altering its order of dismissal in this case is not necessary to correct a clear error of law or prevent manifest injustice. Deen's burden under Rule 59(e) is a high one. The Fourth Circuit has stated that a prior decision does not qualify as clearly erroneous or working manifest injustice "by being 'just maybe wrong or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (ellipsis in original) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995)). Deen has simply not met this burden. As such, his motion is **DENIED**.

An appropriate Order will be entered.

Entered: 10/27/2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge